## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
_____

**Appeal No. 13-2418**

**ANTHONY BUCCI**
**Petitioner-Appellant**

**v.**

**UNITED STATES OF AMERICA**
**Respondent –Appellee**
_____

### PETITIONER'S RESPONSE TO GOVERNMENT'S MOTION FOR SUMMARY DISPOSITION

Petitioner/Appellant, Anthony Bucci, ("Appellant" or "Bucci")

through his appointed CJA counsel, Inga L. Parsons, and hereby submits his

Response to Government's Motion for Summary Disposition as follows:

### INITIAL DISMISSAL

As a threshold matter, this case should proceed through formal

briefing and not through Summary Disposition.  This appeal raises

substantial issues of ineffective assistance of counsel where an attorney

ignores repeated requests to engage in plea negotiations and what constitutes

newly discovered evidence and second and successive versus first petitions.

Moreover, the use of summary disposition as opposed to proceeding

through the formal briefing, serves to deprive the Appellant of having the

1

"last word" as it does in being able to submit a reply to its own appeal; thus essentially given the prosecution two bites of the apple to the Appellant's one.

Thus, given the nature of the issues in this matter, the motion for summary disposition should be dismissed out of hand and the case should proceed by formal briefing.

Even proceeding on the merits, the motion should be independently rejected and the case ruled in favor of Bucci for the reasons set forth in Bucci's appellant brief which is hereby incorporated as if fully set forth herein.

## INITIAL PETITION STATUS

The government's summary disposition rests essentially on the erroneous premise and assumption that this was an unauthorized second or successive petition. *See* Gov. Br. at 1.  In fact, the district court was presented with a number of petitions during a similar time period as acknowledged by the government.  The district court denied certain petitions on the basis of lack of jurisdiction determining that they were successive or second petitions.  The district court clearly knew the standards and distinguished between the petitions.

Indeed, the government concedes that the district court did not dismiss this issue on the basis of unauthorized second or successive petition (as he did others) but treated the motion as properly before it. *See* Gov. Mot. at 7. The government did not appeal that determination and if there is any waiver as to that claim, it is the government's forfeiture in failing to appeal that determination, especially as the government was well aware the district court clearly knew the difference having noted that in other petitions filed by Bucci that the district court declined to rule because the motion was second or successive. *See* Gov. Mot. at 8 n. 6.[1]

Even if this Court were broadly to interpret the waiver in terms of jurisdiction only and permit it to go forward, because this petition is brought pursuant to 28 U.S.C. 2255(f)(4), advancing a new fact that "could not have been discovered through the exercise of due diligence" at the time of Bucci's

---

[1] The government ridiculously asserts that somehow Bucci should have been required to address the issue of successive petition even though the court considered the motion properly before it because Bucci noted (accurately) that the district court did not treat it as a successive petition. *See* Gov. Br. at 10 n. 7. The government cites *United States v. Anderson*, 745 F.3d 593, 598 (1st Cir.) which says nothing of the sort. In that case, the appellant cryptically addressed an issue which the court considered insufficient to avoid waiver, but it was not an issue where the defendant had prevailed at the district court. Again, if anyone is to be seen as having waived the issue it is the government and but for the argument of lack of jurisdiction should be precluded from making that claim entirely. Put simply, it was not an "erroneous" assumption of jurisdiction.

initial 28 U.S.C. § 2255 filing, this petition was properly viewed as an initial petition under the facts of this case and not as a "successive or second" petition. *See Johnson v. United States,* 544 U.S. 295, 302 (2005). Bucci's petition raises issues that could not have been raised in any prior petition and must be treated on a first petition footing as the district court correctly did.

In *Johnson,* the Supreme Court held that the state court's vacatur of a predicate conviction is a new "fact" that triggers a fresh one-year statute of limitations under § 2255(f), so long as the defendant exercised due diligence in seeking that order. *See id.* Thus, *Johnson* established that the basis for a claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues. *Id.* at 306–07. Accordingly, the vacatur order gives a defendant both the basis to challenge the enhanced federal sentence and a new one-year period in which to pursue that challenge. *See, also, Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) (a new fact which occurs subsequent to the filing of an original 2255 motion is cognizable under a new first 2255 motion).

The Third Circuit made a similar pronouncement as observed by the district court in *United States v. Bass*, 864 F.Supp.2d 353 (E.D.Pa. 2012). In that case, the district court observed that the Third Circuit had already ruled that Bass' petition was not a second or successive habeas motion in the

4

Circuit's holding that the "[t]he foregoing application under 28 U.S.C. §
2244 to file a second or successive 28 U.S.C. § 2255 motion is denied as
unnecessary.... [I]t appears that [defendant's] proposed § 2255 motion rests
on facts that were not available when he filed his first § 2255 motion in
federal court." The vacatur of the New Jersey conviction was not known to
the defendant until "well after" defendant filed his first § 2255 motion.
Accordingly, the Third Circuit found, as observed by the district court, that
"Bass's § 2255 Motion is not a second or successive habeas motion under §
2255(h)."

The *Bass* court relied on *Stewart v. United States,* 646 F.3d 856 (11th
Cir.2011), where the Eleventh Circuit explained that "[p]articularly when a
petitioner raises a claim that could not have been raised in a prior habeas
petition, courts have forgone a literal reading of 'second or successive.'
" *Id.* at 860. The *Stewart* court then held, "[b]ecause the basis for
[defendant's] *Johnson* claim did not exist before his proceedings on his
initial§ 2255 motion concluded, [defendant's] numerically second motion is
not 'second or successive,' and § 2255(h)'s gatekeeping provision does not
apply." *Id.* at 865.

The Third Circuit also relied on *Benchoff v. Colleran,* which held
that § 2255(h) bars only claims that could have been raised in a prior habeas

motion. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir.2005) (" '[A] prisoner's application is not second or successive simply because it follows an earlier federal petition.' ") (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir.1998)). This "narrow reading" of § 2255(h) is in line with the reasoning in *Stewart,* which also declined to read "second or successive" in AEDPA literally. *See Stewart, supra*.

As the district court noted in *Benchoff,* the Third Circuit interpreted "second or successive" with reference to the pre-AEDPA "abuse-of-the-writ doctrine." *See Benchoff*, 404 F.3d at 817. Under the abuse-of-the-writ doctrine, a habeas motion would be denied "where the subsequent petition raised a habeas claim which could have been raised in an earlier petition and there was no legitimate excuse for failure to do so." *Id.* at 816. The *Benchoff* court held that a § 2255 motion was "second or successive" only if it raised claims that could have been asserted in the prior habeas motion. Specifically:

> We are supported in this view by the fact that, notwithstanding the AEDPA's passage, our sister circuits uniformly have continued to interpret "second or successive" with reference to the pre-AEDPA "abuse of the writ" doctrine. *See Crouch v. Norris,* 251 F.3d 720, 723 (8th Cir.2001) ("[I]t is generally acknowledged that the interpretation of 'second or successive' involves the application of pre-AEDPA abuse of the writ principles."); *Muniz v. United States,* 236 F.3d 122, 127 (2d Cir.2001) (using the "equitable principles underlying the 'abuse of the writ' doctrine" to determine whether a petition is "second or successive"); *United States v. Barrett,* 178 F.3d 34, 44 (1st

Cir.1999) ("The core of AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions ... known as the 'abuse of the writ' doctrine."); *see also In re Cain,* 137 F.3d 234, 235 (5th Cir.1998) (per curiam); *Reeves v. Little,* 120 F.3d 1136, 1139 (10th Cir.1997) (per curiam).

Moreover, the abuse of the writ doctrine's ongoing validity as a means of interpreting "second and successive" has been strongly suggested by the Supreme Court, which has implied that § 2244 is a statutory extension and codification of the equitable principles of the doctrine. *See Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (suggesting that the definition of second or successive would be same under AEDPA as under pre-AEDPA law); *Felker,* 518 U.S. at 664, 116 S.Ct. 2333 (finding that § 2244 codified and added restrictions that were "well within the compass of th [e] evolutionary process" of the abuse of the writ doctrine, which is a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions") (quoting *McCleskey,* 499 U.S. at 489, 111 S.Ct. 1454).

Informed by the teachings of the Supreme Court and our sister circuits, therefore, we [] look to principles of the abuse of the writ doctrine in defining "second and successive."

The court in *Benchoff* went on to explain that " [t]he abuse of the writ doctrine dictates that we should treat the term 'second and successive' as a term of art, which is not to be read literally."  A subsequent petition is "clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition. *See id,* (citing *Singleton v. Norris,* 319 F.3d 1018, 1023 (8th Cir.2003); *Medberry v. Crosby,* 351 F.3d 1049, 1062 (11th Cir.2003); *Hill v. Alaska,* 297 F.3d 895, 898 (9th Cir.2002); *In re Cain,* 137 F.3d at 236).

A similar reasoning was set forth by Judge Ponsor in a 2255 petition reviewed in *Matos v. United States*, 2013 WL 2477259 (D.Mass. June 10, 2013) (Posnor, J.).  In reviewing the defendant's second 2255 petition, Judge Ponsor analyzed as follows:

> It cannot be denied that this is the second time that petitioner has asked this court for relief under § 2255. While the Supreme Court has made clear that not every second petition for habeas relief should be counted as a successive petition for AEDPA purposes, *see Stewart v. Martinez–Villareal,* 523 U.S. 637, 646 (1998), the First Circuit has made it clear that *all* collateral claims must be raised in a petitioner's first § 2255 motion, even if the first motion only seeks to have a notice of appeal reinstated. *Pratt v. United States,* 129 F.3d 54, 61 (1st Cir.1997), *cert. denied,* 523 U.S. 1123 (1998).

The district judge went on to explain that:

> The Supreme Court and First Circuit have noted limited exceptions to this rule: (1) if the initial petition was dismissed for failure to exhaust state remedies, *Slack v. McDaniel,* 529 U.S. 473 (2000); (2) if the original petition did not produce an adjudication on the merits, *Pratt,* 129 F.3d at 60; (3) where the later petition raised the same grounds as a previous petition that had been dismissed as premature, *Stewart v.  Martinez–Villareal,* 523 U.S. 637, 643 (1998); and (4) **if the second petition pointed to a claim of error unavailable the first time around, *Pratt*, 129 F.3d at 62.**

(Emphasis added).

Bucci's petition is brought timely under 2255(f)(4) and is not subject to the gate keeping requirements of 2255(h) or that standard.  The petition on this issue pointed to a claim of error unavailable the first time around and

therefore was properly treated as an initial petition by the district court.

Again, the district court clearly knew the difference given his rejection of

Bucci's other petition on the grounds that it constituted a second or

successive petition and the government did not appeal that decision.

    *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) relied on by

the government (Gov. Br. at 9) does not preclude treating this petition as an

initial petition. *Trenkler* involved whether the defendant's Coram Nobis

Petition should be treated as a successive 2255 petition, and , thus, subject to

the same gatekeeping functions.

    Similarly, in *Pratt v. United States*, 129 F.3d 54 (1st Cir. 1977), also

relied on by the government, the decision revolved around the application of

AEDPA to pre AEDPA filings as to the issue of second or successive

petitions involving a claim of retroactivity; not whether the new fact should

constitute an initial petition.  In short, the government is wrong in its

assumption that the district court cannot treat the motion as an initial petition

and its entire motion, including the standards it relies on, are in error.

    Bucci is not raising a second issue that could have been raised in his

original petition because the facts that give rise to his claim were discovered

as set out in detail in Bucci's appellant brief which is incorporated herein as

if fully set forth.  It should be emphasized that Bucci is not abusing the writ

doctrine, but instead, enforcing his rights as provided by law.

Thus, the standard to be applied in this case is not whether the new

fact establishes by clear and convincing evidence that no reasonable

factfinder would have found the movant guilty, as initially argued by the

government, *see* Gov. Br. at 1, but whether there was ineffective assistance

of counsel which is properly brought as a 2255 petition.  Indeed, the

government ultimately argues the merits under that standard.

SUBSTANTIAL QUESTION OF INEFFECTIVE ASSISTANCE<br>OF COUNSEL

Bucci has raised substantial question of ineffective assistance of

counsel and the motion should be denied.  The government erroneously

argues that the new facts are insufficient because they do not weigh on

whether a fact finder would find him guilty.  That is not the appropriate

standard in an ineffective assistance claim as set out in detail in Bucci's

appellant brief.

The government spends much time on the speculation of the plea

agreement.  The government is confusing this case with cases where there is

a plea agreement that is not communicated to the defendant.  Here we have a

different situation that is not directly addressed by the government: the

ineffectiveness of an attorney who fails to engage in plea discussions with

10

the government despite being requested to do so repeatedly by the defendant and then misrepresenting those discussions to the defendant. Accordingly, the specific enumerated factors in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) for when a plea is offered and not communicated cited by the government (Gov. Br. at 14) are not directly applicable to Bucci's situation. Nor does Bucci rely on *Lafler* for those purposes. *See* Bucci's Br. at 19-21. The government's suggestion that he must meet those standards is incorrect.

The prejudice Bucci can show is different. Bucci was prejudiced by his trial counsel's ineffective representation in ignoring his client's specific and repeated demands to seek a plea diposition . To show prejudice the defendant need not prove definitely that the outcome would be different, but only a "reasonable probability" of a different result. *See Strickland v. Washington*, 466 U.S. 688, 693-94 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome," and requires a showing of less than a preponderance of evidence. *Id.*

Bucci was prejudiced by his trial counsel's failure to seek a plea bargain including the fact that the government maintained the § 851 prior felony information, which is routinely dismissed in plea dispositions, and Bucci received additional enhancements for brandishing a firearm and role in the offense which are also routinely negotiated as well. At a

11

minimum, Bucci was not able to reduce his guidelines by three points for acceptance of responsibility under U.S.S.G. § 3E1.1 which would have been available with a plea agreement.

The government claims these are "vague" statements (Gov. Br. at 15) but they are not vague in the least but very specific. The government does routinely agree not to file or to dismiss an 18 U.S.C. § 851 in plea negotiations. Indeed, the government never denies this statement but merely states that it is "vague" which is inaccurate. It is certainly a reasonable probability and nothing the government has countered with changes that reasonable probability thus Bucci meets that standard.

The critical issue ignored by the government is that it was because Bucci's counsel ignored his client's request to seek a plea offer that Bucci was prejudiced. The cases cited by the government for what is required when an offer is given are not illuminating where the issue is counsel's failure to even go down that road despite explicit instructions by his client. By this Court vacating the conviction such speculation is not required. The conviction should be vacated so that Bucci can seek a resolution and settlement in the position he was in prior to the first trial which would remedy his counsel's ineffectiveness.

CONCLUSION

For the foregoing reasons, and for the reasons set forth in Bucci's Appellant Brief which is hereby incorporated as if fully set forth herein, the government's motion must be denied, the conviction vacated and for such and other and further relief as this Court deems just and necessary, including a hearing on any factual issues.

Respectfully submitted,

/s/  *Inga L. Parsons*_____
INGA L. PARSONS
1st Cir. No. 1139302
3 Bessom St. No. 234,
Marblehead, MA  01945
781 581 2262 (o)
781 842 1430 (f)
inga@ingaparsonslaw.com
Attorney for *Anthony Bucci*
*Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I, INGA L. PARSONS, hereby certify that on January 23, 2015, I electronically served a copy of the foregoing document on all counsel of record who are registered participants of the CM/ECF System and to Mr. Bucci at the following address:

FMC DEVENS
FEDERAL MEDICAL CENTER
SATELLITE CAMP
P.O. BOX 879
AYER, MA  01432


/s/ *Inga L. Parsons*
INGA L. PARSONS

14